**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THOMAS RIOS,

Plaintiff

v.

GRIFFIN ET AL.,

Defendant

Case No.: 2:24-cv-01184-APG-BNW

**Order Granting Defendants' Motion for Summary Judgment**

[ECF No. 46]

Thomas Rios sued various defendants for events that took place while he was incarcerated at High Desert State Prison. After screening, the following claims remain:

(1) unsafe prison conditions under the Eighth Amendment against Patrick Moreda,[1]

(2) procedurally improper disciplinary hearing under the Fourteenth Amendment against Marc Sydiongco,

(3) excessive force under the Eighth Amendment against Jonathan Griffin and Malique Lyons,

(4) deliberate indifference to a serious medical need under the Eighth Amendment against Griffin.[2]

ECF No. 20 at 5-10. All defendants move for summary judgment. I grant their motion because Rios did not exhaust administrative remedies.

/ / / /

/ / / /

---

[1] It appears from the defendants' acceptance of service that the spelling of this defendant's name is Moreda. Likewise, another defendant's name is Griffin, so I direct the clerk of court to correct the caption to accurately reflect each defendant's name.

[2] The screening order allowed the deliberate indifference claim to proceed against Spiec, but I granted Rios' motion to terminate him as a defendant. ECF No. 38.

**I. Rios failed to exhaust available administrative remedies.**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party also bears the burden of persuasion at trial, to prevail "on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quotation omitted). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Rios' claims are governed by the Prison Litigation Reform Act (PLRA). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*,

534 U.S. 516, 524 (2002). The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). That means the inmate "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). The inmate thus must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. Because PLRA exhaustion is an affirmative defense, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

Here, the applicable grievance process is set forth in Nevada Department of Corrections Administrative Regulation 740 (AR 740). That process has three levels through which an inmate must proceed to exhaust his administrative remedies: an Informal Grievance, a First Level Grievance, and a Second Level Grievance. ECF No. 59-1 at 11-16. When submitting an Informal Grievance, an inmate must include "[a]ll documentation and factual allegations available to the offender." *Id.* at 12.

Rios submitted various grievances to NDOC regarding his claims. *See* ECF Nos. 46-1 at 9-10; 46-5 at 11-12; 46-6 at 15-18, 28-29, 35; 51 at 21-22. However, the defendants have met their initial burden to show that Rios failed to fully exhaust the available administrative remedies for any of these grievances. *See* ECF Nos. 46-1 at 6, 7-10; 46-5 at 2-4, 12; 46-6 at 2-4, 13-14, 22-24, 33-34; 46-7 at 2. Rios presents no evidence or arguments that he exhausted his remedies or that no administrative remedy was available. Instead, he attaches some of his grievances and states in conclusory fashion that he exhausted, but he does not address the defendants' argument that his grievances were rejected at various levels. Thus, there is no genuine dispute that Rios

did not exhaust all administrative remedies before filing this suit. Accordingly, I grant the defendants' motion for summary judgment on all Rios' claims.

## II. Conclusion

I THEREFORE ORDER the clerk of court to correct the case caption to identify the defendants as Jonathan Griffin, Malique Lyons, Marc Sydiongco, and Patrick Moreda.

I FURTHER ORDER that defendants' motion for summary judgment (**ECF No. 46**) **is GRANTED.**

I FURTHER ORDER the clerk of court to enter judgment in favor of defendants Jonathan Griffin, Malique Lyons, Marc Sydiongco, and Patrick Moreda and against plaintiff Thomas Rios, and to close this case.

DATED this 22nd day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE